# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 6, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP727-CR**

Cir. Ct. No. **2016CF200**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TODD CHARLES GRONSETH,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Douglas County:  GEORGE L. GLONEK, Judge.  *Affirmed*.

Before Fitzpatrick, P.J., Blanchard and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Todd Gronseth appeals a judgment of conviction and an order denying his motion for postconviction relief. The issues relate to plea withdrawal and sentencing. We affirm.

¶2 Gronseth pled no contest to one count of first-degree sexual assault of a child and several other felonies. One term of the plea agreement was that the State would ask the court to order that a psychosexual evaluation of Gronseth be prepared before sentencing. The State made such a request at the plea hearing, and the court ordered the evaluation to be done as part of the presentence investigation report.

¶3 Later, before sentencing, the court issued an order vacating the order for the evaluation. The court stated that it "has just recently been advised" by an unstated source and method that "Douglas County would be responsible for payment of the psycho-sexual evaluation." The order continued "this court does not believe that Douglas County should bear the cost of the psycho-sexual evaluation since it is likely being done for the benefit of the Wisconsin Department of Corrections." The court noted that the Department will bear the cost of the evaluation if the court orders the evaluation at sentencing as a condition of probation or extended supervision.

¶4 Gronseth's attorney did not object to this order. The court later acknowledged that the information it received from the Department that the county would be required to pay was incorrect, and that the Department would have paid for the evaluation.

¶5 After sentencing, Gronseth moved to withdraw his plea on the ground that it was not made knowingly, voluntarily, and intelligently because the circuit court did not advise him that it "might not order a presentence

psychosexual evaluation as contemplated in the plea agreement," and Gronseth did not understand that it might not. The court denied that motion and Gronseth appealed.

¶6    On appeal, Gronseth argued that the circuit court did not comply with its duty to advise him during the plea colloquy that the court was not bound by the plea agreement. The State conceded that the court did not comply with that duty, and we remanded under WIS. STAT. § 808.075 (2017-18)[1] for an evidentiary hearing at which the State would have the burden to prove that Gronseth understood that point.

¶7    The circuit court held that hearing and found that the State proved Gronseth's understanding. Gronseth filed a statement of objections to that ruling under WIS. STAT. § 808.075(8) that we construed as a supplemental appellant's brief, and we ordered further supplemental briefing, which we have received. We now decide the issues addressed in both the supplemental and original briefing.[2]

¶8    Gronseth argues that the circuit court erred in finding that the State proved by clear and convincing evidence that he understood that the court was not bound by the part of the plea agreement requiring the State to ask the court to

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] In the circuit court's decision on remand, the court asked that we reconsider our acceptance of the State's concession that the circuit court did not comply with a required duty to advise Gronseth that it was not bound by the plea agreement. We appreciate the circuit court's analysis suggesting that this duty is limited to cases in which there is a charge or sentencing concession that must be approved by the court, and therefore would not include the request for a psychosexual evaluation. However, we are unable to reconcile that analysis with the supreme court's description of the duty as existing in "every case where there has been a plea agreement." *State v. Brown*, 2006 WI 100, ¶35, 293 Wis. 2d 594, 716 N.W.2d 906.

order a psychosexual evaluation. The court's finding was based mainly on the language of the plea questionnaire and the court's credibility assessment of Gronseth's testimony. The key sentence in the questionnaire stated: "I understand that the judge is not bound by any plea agreement or recommendations and may impose the maximum penalty."

¶9 On appeal, Gronseth argues that it was reasonable for him to interpret that sentence as expressing the concept that the judge was not bound by any agreement or recommendations *regarding the penalty*, but not as expressing the concept that the judge is not bound by non-penalty recommendations like the one for an evaluation.

¶10 However, whether such an interpretation would have been reasonable is not the question. The question is whether it was clearly erroneous for the court to disbelieve Gronseth's assertion that this was actually the interpretation that he held at the time of the plea. Gronseth fails to persuade us that the circuit court clearly erred in making this credibility determination.

¶11 Gronseth also argues that the court misinterpreted testimony by his trial counsel about the extent to which Gronseth and his counsel discussed whether the court would be free to disregard the recommendation for a psychosexual report. However, the court's interpretation that counsel and Gronseth discussed not just the court's freedom to impose maximum penalties, but also discussed that provision of the plea questionnaire generally, was at least reasonable, and not clearly erroneous.

¶12 Gronseth next argues that his trial counsel was ineffective by not objecting to breaches of the plea agreement by the State and the circuit court. The

4

circuit court denied this claim on the ground that there was no breach of the plea agreement.

¶13     Gronseth argues that the State breached the plea agreement when the Department of Corrections informed the court that the county would be required to pay for the evaluation. He argues, without citation to legal authority, that the Department is barred from breaching the plea agreement just as the prosecution is. However, without authority or a developed argument, we decline to consider further whether conduct of the Department can be considered a breach of a plea agreement.

¶14     Furthermore, it is not clear how the Department's providing information to the court would be a breach of the plea agreement. It was simply an assertion of fact. That statement did not prevent the court from leaving the order for the evaluation in place or otherwise compel an amendment to the order. The decision to forego the evaluation was the court's, not the Department's, and there is no suggestion that the Department recommended or advocated that it be canceled.

¶15     Gronseth also argues that the circuit court breached the plea agreement. Gronseth cites no authority holding that a circuit court is bound by a plea agreement.

¶16     Gronseth argues that he was not sentenced on the basis of "complete" information because the psychosexual evaluation was not performed. However, the citation he provides for the proposition that "complete" information is required does not use that word, and does not say that a sentence must be vacated if the information is not complete. Instead, that passage states only that a defendant has a right to object to "incorrect or incomplete information contained

within the [presentence investigation report]." *See State v. Greve*, 2004 WI 69, ¶27, 272 Wis. 2d 444, 681 N.W.2d 479.

¶17 Gronseth does not explain what measure we should use to determine when sentencings are based on incomplete information. *All* sentencings are, in some sense, necessarily based on less than complete information. More specifically, here Gronseth argues that the evaluation would have provided more complete and accurate information about his psychosexual condition, the potential efficacy of sex offender treatment, and the risk he posed to the public. While all of these things may be true, Gronseth has not shown that any of that information would be in his favor at sentencing. He has not provided such an evaluation to the court for postconviction purposes. Therefore, we conclude that he has not shown a basis for resentencing.

¶18 Finally, Gronseth asks that we order resentencing under our discretionary power of reversal provided in WIS. STAT. § 752.35. Assuming, without deciding, that such an order is within our authority under that statute, we deny that request. As we stated, Gronseth has not given us a basis to conclude that a different result would occur.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.